UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
99 SEP 16 PM 3:07
N.D. OF ALABAMA

SCOTT WILSON, and all others )
similarly situated, )
    )
    Plaintiff, )
    )
vs. )    Civil Action No. 99-S-1218-NE
    )
REDD PEST CONTROL COMPANY, )
INC., )
    )
    Defendant. )

ENTERED
SEP 1 6 1999

## MEMORANDUM OPINION

This action is before the court on defendant's motion to compel arbitration and to dismiss or, in the alternative, to stay proceedings. Specifically, defendant requests that plaintiff be compelled to submit his Fair Labor Standards Act claims to arbitration in accordance with a clause contained in plaintiff's employment agreement. For the reasons discussed below, the motion is due to be denied.

### I. BACKGROUND

Plaintiff brings the present action on behalf of himself and all other similarly situated employees of defendant, seeking redress for what he alleges to be defendant's intentional violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-219. Specifically, plaintiff alleges that during the period of his employment with defendant he worked in excess of

forty hours per week, but defendant failed or refused to compensate him for his overtime work.[1] Moreover, plaintiff alleges that defendant instructed him and other employees not to record any overtime actually worked, proving that defendant intentionally violated the FLSA.[2]

Defendant responded by filing the present motion, wherein it denies plaintiff's allegations and seeks an order "compelling the plaintiff to arbitrate his claims against Redd and to dismiss these proceedings on the ground that Plaintiff's sole remedy against this defendant is via an arbitration proceeding. In the alternative, Redd moves the Court to stay further proceedings in this case pending resolution of the arbitration."[3] Defendant's current motion is based on the following clause contained in plaintiff's employment agreement, which was executed by plaintiff as a condition of his employment:

### 12. ARBITRATION OF DISPUTES

Employer and employee agree that any disputes which may arise under this agreement shall be submitted to binding arbitration to be conducted in accordance with the

---

[1] Complaint ¶ 13.

[2] *Id.* ¶ 16.

[3] See Bender v. A.G. Edwards & Sons, Inc., 971 F.2d 698, 699 (11th Cir. 1992): "Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration. 9 U.S.C. § 3. If the parties do not proceed to arbitration, the court may compel arbitration. 9 U.S.C. § 4."

2

> Arbitration Rules of the American Arbitration Association in effect at the time such dispute arises. Such arbitration shall be had pursuant to the United States Arbitration Act and, to that end, the parties hereto expressly agree that this agreement evidences a transaction involving interstate commerce.

(Motion to compel arbitration, Exhibit A ¶ 12.)

## II. DISCUSSION

This court recently had occasion to research the law pertaining to the arbitrability of federal statutory claims in another, but similar, case. Rather than replow the ground traversed at some length in that action, a copy of the unpublished memorandum opinion entered in *Hall v. Labor Ready, Inc.*, Civil Action No. CV-98-S-1360-NE (N.D. Ala. Sept. 14, 1999), is attached to this opinion and, by this reference, incorporated herein.

Based upon the principles discussed in the *Hall* opinion, this court reaches the following conclusions. First, because plaintiff has "expressly agree[d] that [her employment contract] evidences a transaction involving interstate commerce," the court assumes, without deciding, that it does. *See* Motion to compel arbitration, Exhibit A ¶ 12; *see also* 9 U.S.C. § 2. Second, the court is constrained by binding authority to hold that the exclusionary language of 9 U.S.C. § 1 exempts from the scope of the FAA only the employment contracts of those persons actually involved in the

3

physical movement of goods and commodities in interstate or foreign commerce, *Paladino v. Avnet Computer Technologies, Inc.*, 134 F.3d 1054, 1060-61 (11th Cir. 1998) (Cox and Tjoflat, JJ., concurring), and nothing before this court indicates that plaintiff is such a person. Third, the court finds that plaintiff has not demonstrated that "Congress intended to preclude a waiver of a judicial forum for [Title VII] claims." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26, 111 S.Ct. 1647, 1652 (1991). Fourth, unlike the plaintiff in *Alexander*, the plaintiff here "agreed individually to the contract containing the arbitration clause." *Brisentine v. Stone & Webster Engineering Corp.*, 117 F.3d 519, 526 (11th Cir. 1997). Finally, however, the subject clause is unenforceable under *Paladino* and *Randolph v. Green Tree Financial Corp.*, 178 F.3d 1149 (11th Cir. 1999), because "it fails to provide the minimum guarantees required to ensure that [plaintiff's] ability to vindicate [his] statutory rights will not be undone by steep filing fees, steep arbitrators' fees, or other high costs of arbitration." *Randolph*, 178 F.3d at 1158. Specifically, the clause fails to specify which party will bear the costs of arbitration and, thus, potentially limits plaintiff's access to the arbitral forum.

> Because [defendant] makes no promises to pay for an arbitrator, [plaintiff] may be liable for at least half

> the hefty cost of an arbitration and must, according to the American Arbitration Association rules the clause explicitly adopts, pay steep filing fees (in this case $2000).[4] One circuit has in dicta stated that such "fee-shifting" is a per se basis for nonenforcement. *Cole*, 105 F.3d at 1484. We consider costs of this magnitude a legitimate basis for a conclusion that the clause does not comport with statutory policy.

*Paladino*, 134 F.3d at 1062 (Cox & Tjoflat, JJ., concurring).

### III. CONCLUSION

Based on the foregoing, the court finds that defendant's motion to compel arbitration and to dismiss or, in the alternative, to stay proceedings is due to be denied. An appropriate order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this 16th day of September, 1999.

                                                                           _____
                                                                           United States District Judge

---

[4] Neither the complaint filed in the present action (see Doc. No. 1, ¶¶ 22, 24-27), nor that filed in *Paladino* sought a specific amount of monetary damages. Accordingly, "such claims incur a $2000 filing fee. AAA Commercial Arbitration Rules Fee Schedule." *Paladino*, 134 F.3d at 1062 n.2 (Cox & Tjoflat, JJ., concurring).